JACK T. AND LINDA A. BROOKSHIRE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brookshire v. Commissioner
Docket No. 14098-89
United States Tax Court
T.C. Memo 1990-258; 1990 Tax Ct. Memo LEXIS 277; 59 T.C.M. (CCH) 679; T.C.M. (RIA) 90258; May 29, 1990, Filed William F. De Francis, for the petitioners. Stephen Ianello, for the respondent. GERBER, Judge. GERBER
*936 MEMORANDUM OPINION This matter is before us to consider petitioners' Motion to Dismiss For Untimely Receipt of Notice of Deficiency (motion to dismiss for lack of jurisdiction, filed as a Motion for Summary Judgment on December 8, 1989). The issue for consideration is whether petitioner's attorney's receipt of a notice of deficiency which was not mailed to petitioners' "last known address," followed by an otherwise timely petition, results in our jurisdiction to hear the merits of this case. Petitioners, who at all times pertinent to this proceeding were married, had their legal residence at Leawood, Kansas, at the time of the filing of their petition herein. Petitioners' 1985 Federal income tax return, received by respondent May 6, 1986, reflected P.O. Box 3698, Freeport, Grand Bahama, Bahamas (Bahamas address) *279 as their mailing address. Petitioners' 1987 Federal income tax return, reflected their address as 4323 West 112th Street, Leawood, Kansas 66211 (Kansas address). It appears that the 1987 return was received by respondent substantially before the issuance of a notice of deficiency for 1985. Respondent, in correspondence dated as early as December 1988, corresponded with petitioners at their Kansas address concerning taxable years subsequent to 1985. On April 14, 1989, however, respondent mailed a notice of deficiency for the 1985 taxable year to petitioners at the Bahamas address. On February 7, 1989, petitioners executed a power of attorney authorizing their attorney, William F. De Francis (attorney) to represent *937 them before respondent for their 1985, 1986 and 1987 taxable years. The power of attorney, which authorized the attorney to receive originals and copies of correspondence with respondent, was not submitted to respondent until after mailing of the 1985 notice on May 2, 1989. While working with respondent's agent, attorney was advised that the 1985 notice had been mailed to petitioners and attorney requested a copy of the 1985 notice. Attorney received, *280 by regular mail, a copy of the 1985 notice on June 5, 1989. On June 19, 1989, a petition was filed alleging that the notice of deficiency was invalid because it was not sent to petitioners' last known address. Petitioners assert that we do not have jurisdiction and that this case should be dismissed because the notice was not sent to their last known address and the 3-year statutory period within which the tax could be assessed had expired. Respondent does not contend that the notice had been sent to petitioners' last known address. Instead, respondent contends that a notice was mailed to petitioners, who received actual notice and timely petitioned, providing this Court with jurisdiction. We agree with respondent. The parties agree that respondent determined a deficiency with respect to petitioners. It is also agreed that respondent did not mail a notice to petitioners' "last known address." Petitioners argue that respondent's failure to mail a notice to their last known address as required by section 6212, [1] renders the deficiency notice in this case invalid. They conclude that the 3-year period for assessing a deficiency had expired and that respondent is barred from assessingany *281 tax deficiency. Respondent, under the standard of , was charged with knowledge that petitioners had established a new residence at the Kansas address. Indeed, respondent was corresponding with petitioners (concerning other taxable years) at their Kansas address at least 4 months prior to mailing the notice. Although respondent failed to comply with the last known address requirement of section 6212(b), he did comply with the more basic requirements of sections 6212(a), 6213(a), and 6503(a)(1) by issuing, attempting to mail or otherwise communicate a deficiency determination to petitioners. Miller v. Commissioner, 94 T.C. , (March 8, 1990) (slip op. at 19-23). Simply stated, the notice was not mailed to petitioners' "last known address" but was nonetheless timely mailed and respondent's failure to comply with the last knownaddress *282 requirement of section 6212(b)(2) did not invalidate the notice. Respondent argues that a notice was mailed to petitioners, who received actual notice and timely petitioned, providing this Court with jurisdiction. If the Commissioner determines that there is a deficiency in income tax, respondent must notify or attempt to notify the taxpayer(s) of the deficiency determination. Sec. 6212(a). [2] With some exceptions not applicable here, respondent is precluded from assessing and collecting any tax deficiency without first mailing a notice of deficiency under section 6212(a) or otherwise notifying the taxpayer of the deficiency. Sec. 6213(a). Although rarely focused upon, it should be understood that respondent is not limited to the use of a mailing by certified or registered mail to effectuatenotice *283 of his deficiency determination. Respondent may use regular mail. See , affd. , and cases cited therein. If respondent uses certified or registered mail addressed to a taxpayer's "last known address," then he is protected and within a safe harbor as to the requirements of sections 6212 and 6213. However, actual or direct notice or delivery suffices to meet the requirements of section 6212. ; , affg. . Respondent may issue a valid notice even though he fails to meet the mailing requirements of section 6212(a). Section 6212(b) is to guide respondent in determining where to mail the notice of deficiency. Paragraph (1) of section 6212(b) provides, as follows:@
(1) Income and gift taxes and certain excise taxes. -- In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitleA, *284 chapter 12, chapter 42, chapter 43, chapter 44 or chapter 45 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, chapter 45 and this chapter even if such taxpayer is deceased, or *938 is under a legal disability, or, in the case of a corporation, has terminated its existence. In the present case respondent was constructively charged with and had actual knowledge of petitioners' Kansas address. Although respondent did not meet the last known address requirements, the joint deficiency notice was a notice of a deficiency determination within the meaning of section 6212(a). Further, it notified petitioners that a deficiency had been determined against them; and it gave petitioners the opportunity to petition this Court for a redetermination of the deficiency without having to first pay the deficiency. See ; ; . We have held that the mailing of a notice of deficiency to a taxpayer's last known address undersection *285 6212(b) is a safe harbor assuring respondent that the notice is valid for purposes of section 6212(a). Consequently, a notice that is mailed to the taxpayer's last known address will toll the period for assessment even if the notice is not received by the taxpayer. , affg. on other grounds ; , revg. and remanding a Memorandum Opinion of this Court; ; ; , affd. without published opinion ; . In certain relatively unique circumstances, however, the mailing of a deficiency notice which is not addressed to the taxpayer's last known address may result in our acquisition of jurisdiction. In a limited but establishedline of cases *286 an incorrectly addressed notice has resulted in our jurisdiction where the taxpayer receives "actual notice [of the contents of the deficiency notice] without prejudicial delay * * *." , affg. ; see also ; ; ; ; ; see also , revg. a Memorandum Opinion of this Court. By providing the safe harbor of section 6212(b), Congress did not intend to invalidate actual rather than constructive methods of communicating respondent's determination. . , contains a discussion of the "actual notice" principle, as follows: The deficiency notices in those cases were held to be valid because theyserved the two *287 functions of section 6212: (1) They notified the taxpayer that a deficiency had been determined against him; and (2) they gave the taxpayer the opportunity to petition this Court for redetermination of the proposed deficiency. Both elements are satisfied here. Petitioners received actual notice, by and through their attorney, of the deficiency and were aware of respondent's determination of a deficiency. Moreover, the petition was timely filed within 90 days after respondent mailed the notice of deficiency. Our holding here is in accord with the opinion of the Court of Appeals for the Ninth Circuit in , which held that a notice of deficiency is valid if its mailing results in actual notice without prejudicial delay, or if the notice is mailed to the taxpayer's last known address. [3] The Court of Appeals for the Ninth Circuit held that: in those cases where actual notice did not result or was not proved to have resulted from a mailing, or where delivery of mail was delayed to the prejudice of the petitioner in seeking redetermination, mailing to suffice under [section] 6212(b) must be to the lastknown address. *288 We conclude, however, that if mailing results in actual notice without prejudicial delay (as clearly was the case here), it meets the conditions of [section] 6212(a) no matter to what address the notice successfully was sent. [Fn. ref. omitted.] We, therefore, conclude that the notice of deficiency in the instant case is valid and that we have jurisdiction to consider the merits of this case. Petitioners also argue that the 3-year period within which respondent may assess under section 6501(a) expired with respect to their 1985 tax year. Petitioners rely upon the fact that their attorney did not receive the deficiency *939 notice untilJune 5, 1989, more *289 than 3 years after the return for 1985 was filed. This argument was squarely addressed and rejected by this Court in . There, respondent mailed the deficiency notice before the statute of limitations expired. However, the notice was not addressed to the taxpayers' last known address. Nonetheless, the taxpayers received the notice, but after 3 years from the date their returns were filed. The taxpayers argued that the notice did not become valid for any purpose until it was actually received by them, by which time the statute of limitations under section 6501(a) had expired. In dismissing this argument, we held as follows: Based on the express language of section 6503(a)(1), the Ninth Circuit's opinion in Clodfelter , and on the foregoing reasons, we hold that the mailing of the notice of deficiency, which complied with section 6212(a) [under the same reasoning we have applied here], which was received by petitioners, and in regard to which a timely petition was filed in this Court, tolled the period of limitations on the date the notice was mailed even though the notice was not sent to their lastknown address. Therefore, *290 since the mailing date of that notice was the last day of the 3-year period under section 6501(a), a valid notice of deficiency was issued. [; see also .] See also Miller v. Commissioner, supra (slip op. at 24-25). We, accordingly hold here that respondent's determination (statutory notice of deficiency) was timely communicated and that the period for assessment was tolled and had not expired. Petitioners also argue that , although "correctly cited for the general proposition" is distinguishable because the copy of the notice mailed to the representatives in that case was mailed before the 3-year period (within which respondent may assess) had not expired. Our analysis of the period of limitation question, infra adequately addresses petitioners argument on that point. Moreover, the line of cases under which we decide this case focus on the actual receipt of notice by the taxpayer within sufficient time to be apprised and have the opportunity to seek the jurisdictionof this Court, which *291 is the factual pattern of this case. To reflect the foregoing, An appropriate order will be issued denying petitioners' motion . Footnotes
1. Section references are to the Internal Revenue Code, as amended and in effect for the period under consideration.↩
2. Sec. 6212(a) provides: If the Secretary determines that there is a deficiency in respect of any tax * * *, he is authorized to send notice of such deficiency to the taxpayer by certified or registered mail.↩
3. The Court also acknowledged the existence of other methods of providing valid notice. , affg. ; see also , affd. .↩